[No. 41346-5-I.    Division One.    December 13, 1999.]

J.A. RAY NEEL, *Appellant*, v. LUTHER CHILD CENTER, *Respondent*.

---

*Edwards, Sieh, Smith & Goodfriend, P.S.*, by *Catherine W. Smith* and *Howard Mark Goodfriend*, for appellant.

*Hopkins Jelsing Tri & West, P.L.L.C.*, by *Larry Allan Jelsing* and *Peter J. Andrus*, for respondent.

BECKER, J. — At issue is a trial court order denying a father's request to compel disclosure of his daughter's counseling records under the Uniform Health Care Information Act, chapter 70.02 RCW. The daughter's health care

provider violated the Act by unilaterally refusing disclosure. We nevertheless affirm the order as an appropriate exercise of the court's discretion to protect the best interests of the child.

In 1995, Ray and Georgia Neel dissolved their marriage. They have two minor daughters. Judge Peter Jarvis of the King County Superior Court presided over their three week long divorce trial. He entered a parenting plan, awarding Georgia primary residential time with the children. The plan provides that both daughters should receive counseling and that both parents should have access to the counselors:

> Any counselor or therapist of either child should have the ability to contact both parents and involve them in any treatment deemed necessary. Both parents shall have access to the children's therapists or counselors until the children reach twelve years of age. After age twelve it will be up to the treatment provider to contact and involve the parents if it is considered advisable after obtaining the consent of the child.

Judge Jarvis explained in his memorandum decision that any counselor or therapist "should have the ability to contact Ray and involve him in any treatment deemed necessary. There is no reason that Ray should not have the same access that Georgia does to [A's] counselors and therapists."

In 1997, Ray brought a parenting plan modification action before Judge Jarvis. In connection with that action, Ray sought discovery of his eight-year-old daughter's counseling records. LifeNet Health, a counseling center located in the Snohomish County, had been counseling A, Ray's daughter. On March 28, 1997, Judge Jarvis denied Ray's discovery request.

Meanwhile, on February 13, 1997, Ray sent a letter directly to LifeNet requesting a copy of A's counseling records. LifeNet did not respond to Ray's request. Ray then filed the present action in the Snohomish County Superior Court, invoking the Uniform Health Care Information Act,

chapter 70.02 RCW, and asking the court to compel LifeNet to disclose the records. A commissioner initially ordered the matter transferred to Judge Jarvis, who retains jurisdiction over postdissolution matters, but Ray successfully moved for revision and the matter remained in Snohomish County.

The Snohomish County Superior Court ordered LifeNet to show cause why it should not disclose the records. LifeNet responded that in light of the parents' history of conflict with each other and previous allegations of child abuse, release of the records would not be in A's best interests. LifeNet claimed that if A knew her thoughts were being disclosed, it might adversely impact the ability of LifeNet to treat her.

The court ordered LifeNet to submit all the records to the court in camera. After conducting an in camera review, the court ruled that it was "not in the best interest of the child" for either parent to have access to the records. The court stated, "Due to the continuing disputes between the parents, the child needs to feel that her comments are protected." The court found that its ruling did not modify the parenting plan entered by Judge Jarvis. Ray appeals from the order denying his access to the records.

In 1991, the Washington State Legislature enacted the Uniform Health Care Information Act, chapter 70.02 RCW. In enacting that statute, the Legislature found that health care information, if improperly used or disclosed, could cause significant harm to a patient's interest in privacy or health care. RCW 70.02.005(1). The Legislature also found that patients have a need to access their own health care information to make informed decisions about their health care. RCW 70.02.005(2).

If the patient or the patient's authorized representative requests information regarding his or her health records, a health care provider must respond to the request within 15 days and must state whether or not it will grant or deny the request. RCW 70.02.080(1). Denial is appropriate if the health care provider reasonably believes the disclosure

would be "injurious to the health of the patient," or "could reasonably be expected to cause danger to the life or safety of any individual" or that the "health care information was compiled and is used solely for litigation." RCW 70.02.090. But if the health care provider refuses to disclose the records for one of the above reasons, the health care provider must agree to make the records available to another licensed or certified health care provider chosen by the patient or the patient's representative. RCW 70.02-.090(3); RCW 70.02.130(1).

LifeNet does not dispute Ray's claim, as A's parent, to be her authorized representative for purposes of gaining access to health care records. *See* RCW 26.09.225. It is also undisputed that LifeNet neither responded to Ray's request, nor did it inform Ray that the records could be made available to another health care provider.

■ LifeNet contends that a health care provider need not provide access if it determines that the patient's representative is not acting in the child's "best interests." The statute, however, merely provides that: "A person authorized to act for a patient shall act in good faith to represent the best interests of the patient." RCW 70.02.130(2). This provision does not allow a health care provider to refuse disclosure based on its own opinion that the requester is not acting in the patient's best interest.

Where a health care provider reasonably believes that disclosure would be injurious to the patient, the Act envisions that the health care provider will make the records available to another licensed health care provider selected by the patient, rather than deny access altogether. RCW 70.02.090(3). To comply with the Act, LifeNet should have formally denied Ray's request, and offered to make the records available to another health care provider.

We nevertheless conclude the trial court proceeded appropriately in denying Ray's request. Ray relied on RCW 26.09.225(1) in claiming to be A's authorized representative. Under that statute, either parent may access the child's health care records:

> Each parent shall have full and equal access to the education and health care records of the child absent a court order to the contrary. Neither parent may veto the access requested by the other parent.

Because Ray relied on RCW 26.09.225 in presenting his case, the trial court did not err in relying on the same statute as providing authority to deny his request.

Ray argues that under RCW 26.09.225, he is entitled to have access equal to Georgia's. Georgia, he claims, has already had access to A's records and should not be permitted to "veto" the same access requested by him contrary to RCW 26.09.225(1).

█ RCW 26.09 does not state grounds for denying access to health care records. But the phrase "absent a court order" implies that a court may, in its discretion, deny full access to one or both parents. In this case, the Snohomish County Superior Court exercised its discretion to order that LifeNet should not disclose the records to either parent.

The trial court always has considerable discretion to act in the best interests of the child when considering matters arising out of the dissolution of marriage act. *See* RCW 26.09.002. Ray's declaration in support of his motion for reconsideration below supports the conclusion that his request for A's records did not serve her best interests. Ray stated that the reason he filed the motion "was that Georgia has always had access to the records and the information contained therein, and has used the same in the court case against me." He said Georgia had accused him of sexually abusing A. He added, "One of the reasons I wish the records is that I believe that LifeNet is working with Georgia to have [A] make some type of claim against me."

Thus, Ray's primary reason for requesting the records was to defend against Georgia's allegations that he abused A. But RCW 70.02 is designed to serve the interests of the patient, not the patient's representative:

> (1) Health care information is personal and sensitive infor-

mation that if improperly used or released may do significant harm to a patient's interest in privacy, health care, or other interests.

(2) Patients need access to their own health care information as a matter of fairness to enable them to make informed decisions about their health care and correct inaccurate or incomplete information about themselves.

RCW 70.02.005(1) and (2). Ray was not seeking access to records in order to make informed decisions about his daughter's health care. Rather, he sought access to his daughter's health records in order to correct allegedly inaccurate information about himself.

The trial court found, after conducting an in camera review, that disclosure of A's records would not be in her best interests. Because Ray has failed to designate those records for this court's review, we have no grounds to dispute the trial court's findings in this regard. We conclude the trial court appropriately exercised its discretion.

Ray further claims that under the parenting plan entered by Judge Jarvis, he has an unqualified right to access his daughter's records. The Snohomish County Superior Court did not entertain arguments alleging violations of the parenting plan. We likewise recognize that disputes involving the parenting plan are within the province of Judge Jarvis, and refuse to review Ray's parenting plan argument in the context of this action.

## ATTORNEY FEES

The Uniform Health Care Information Act mandates an award of attorney fees and expenses to a prevailing party:

(1) A person who has complied with this chapter may maintain an action for the relief provided in this section against a health care provider or facility who has not complied with this chapter.

(2) The court may order the health care provider or other person to comply with this chapter. Such relief may include

actual damages, but shall not include consequential or incidental damages. The court shall award reasonable attorneys' fees and all other expenses reasonably incurred to the prevailing party.

RCW 70.02.170(1) and (2).

LifeNet failed to comply with the provisions of RCW 70.02, and is able to obtain affirmance of its decision to deny access unilaterally only because the trial court exercised its discretion under RCW 26.09. Ray failed to comply with the provisions of RCW 70.02 because, as the court found, he was acting in his own interests rather than in good faith on behalf of his daughter. On these facts, we hold that neither LifeNet nor Ray is a prevailing party under chapter 70.02 RCW, and we make no award of attorney fees on appeal.

Affirmed.

GROSSE and APPELWICK, JJ., concur.