[No. 48921-6-I.   Division One.   September 23, 2002.]

*In the Matter of the Marriage of* MICHAEL J. FOLISE,
*Appellant*, and LISA ANN FOLISE (WICHMAN),
*Respondent*.

*Steven J. Fields*, for appellant.

*Lisa Wichman*, pro se.

*Bruce W. Megard, Jr.* (of *Bennett Bigelow & Leedom, P.S.*), for intervenor.

BAKER, J. — Pursuant to the parenting plan set forth in their dissolution decree, Michael Folise and Lisa Ann

Wichman jointly selected a Seattle Mental Health (SMH) counselor to provide counseling for M.W., their daughter. Based on M.W.'s behavior and statements during a session, the counselor made a report to Child Protective Services (CPS). Folise then requested a copy of his daughter's counseling records. Because it feared that granting access to M.W.'s records would have a deleterious effect on M.W.'s health and well-being, SMH filed a motion in the dissolution action seeking a protective order. The court, purporting to interpret the Uniform Health Care Information Act (Act),[1] granted SMH's motion in part and ordered Folise to select jointly with Wichman another counselor who would then advise the court if a protective order were needed. On appeal, Folise and SMH each argue that the other violated the Act. Because SMH was not a party in the dissolution action, it had no standing to bring a motion for a protective order. Accordingly, we reverse the trial court's order and dismiss.

I

Michael Folise and Lisa Wichman were previously married and have had joint and individual decision-making authority in their daughter M.W.'s health care matters since 1994. Pursuant to a May 2000 order which provided for M.W. to receive counseling, the parents selected Lorena Lewis at SMH, who was already counseling the child.

Lewis later made two reports to CPS concerning possible abuse by Folise. CPS closed each investigation as "unfounded." Folise claims that by monitoring his daughter's records in each case he was able to substantiate that the reports were based on false allegations of abuse originating with M.W.'s mother, Wichman. In a June 2000 order, the court found that, "Ms. Wichman has made repeated suggestions to various authorities of abuse to the child by the father when there is no evidentiary basis to do so. If this behavior continues, it will be harmful to the child." The

---

[1] Ch. 70.02 RCW.

court then concluded that "incarceration is a necessary sanction" and sentenced Wichman to 15 days in jail.

In February 2001, Lewis met with M.W. after not seeing her for two months. M.W. was experiencing stomachaches, confusion, disorientation and irritability, and was reported to be withdrawn at school. Lewis made another report to CPS following the session.

Shortly after Lewis' report to CPS, Folise requested M.W.'s records. Lewis provided him with only the dates of counseling and treatment summaries. Folise countered by rescinding his previous authorization for Lewis to continue as M.W.'s counselor, and again made a records request. SMH refused the request and moved for a protective order. In its motion, SMH opined that allowing Folise access to M.W.'s records would have a deleterious effect on M.W.'s health and well-being. It also stated that permitting access to the records would not be in M.W.'s best interests. Specifically, it argued that Folise would confront M.W. regarding her statements and thus M.W. would not feel safe in therapy. Further, SMH alleged that because of substantial conflict between the parents and allegations of abuse, disclosing the records would put M.W. directly in the middle of her parents' continuing conflict. Folise argued that he used M.W.'s records from SMH to "correct information when [Lewis] has been supplied with incorrect information."

The court granted SMH's motion in part:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Seattle Mental Health's Motion for Protective Order is GRANTED in part: RCW 70.02.090 requires SMH to segregate those portions of the record that would be *injurious* to patient's health and disclose the rest. Further those portions segregated shall be provided to *another* qualified professional. Parties shall agree on who this professional will be who may advise court if protective order [is] need[ed].

After considering Folise's motion for reconsideration, the court added that if Folise and Wichman cannot agree on another qualified professional, then the segregated records

should be provided to a qualified third party professional selected by Folise's and Wichman's individually chosen professionals.[2] Folise appeals.

## II

■ As a threshold issue, SMH argues that Folise's appeal should be dismissed because it was not taken from a final judgment. It is true that the court's order below was not a final judgment because it contemplated further action: (1) the selection of a third party provider, (2) review of the segregated records by the selected third party, and (3) reporting to the court by the third party provider regarding the protective order. Nonetheless, we conclude that discretionary review[3] is appropriate here because, as discussed below, the trial court has "departed from the accepted and usual course of judicial proceedings" by ignoring unambiguous language in the statutory scheme and case law on the subject.[4]

In *Neel v. Luther Child Center*,[5] we addressed a similar records dispute. In that case the father, relying on RCW 26.09.225(1),[6] sought discovery of his eight-year-old daughter's counseling records.[7] The counseling center responded that in light of the parent's history of conflict and allegations of child abuse, release of the records would not be in the best interests of the child.[8] After conducting an in camera review of the records, the trial court agreed and ruled that it was "not in the best interest of the child" for

---

[2] Wichman did not participate in the proceeding below or in this appeal.

[3] RAP 5.1(c) provides, "[a] notice of appeal of a decision which is not appealable will be given the same effect as a notice for discretionary review."

[4] RAP 2.3(b)(3).

[5] 98 Wn. App. 390, 989 P.2d 600 (1999).

[6] RCW 26.09.225(1) reads: "Each parent shall have full and equal access to the education and health care records of the child absent a court order to the contrary. Neither parent may veto the access requested by the other parent."

[7] *Neel*, 98 Wn. App. at 392-93, 395.

[8] *Neel*, 98 Wn. App. at 393.

either parent to have access to the records.[9] On appeal, we held that the provider violated the Act by unilaterally refusing disclosure, but nevertheless affirmed the order because it was "an appropriate exercise of the court's discretion to protect the best interests of the child."[10]

■ But in *Neel* it was the father who moved to compel disclosure of the records pursuant to chapter 26.09 RCW. Here, SMH moved for a protective order under RCW 26.09.225(1). SMH was jointly selected by M.W.'s parents to provide counseling to M.W. It was not appointed by the court, nor does it have any prerogative to act as a guardian for M.W. SMH therefore had no legal standing to move for a protective order. The trial court should have dismissed SMH's motion. Instead, it denied the requested relief and purported to order compliance with the Act.

■ In attempting to order compliance with the Act, the court acted outside its authority by requiring Folise to secure the agreement of his former spouse in selecting another professional. RCW 70.02.090(3) clearly states that "[i]f a health care provider denies a patient's request for examination and copying, in whole or in part, under subsection (1)(a) or (c) of this section, the provider shall permit examination and copying of the record by another health care provider, selected by the patient." In *Neel* we emphasized this point, "if the health care provider refuses to disclose the records for one of the above reasons, the health care provider must agree to make the records available to another licensed or certified health care provider chosen by the patient or the patient's representative."[11] The statute's unequivocal language grants no authority to the court to limit the right of a patient or the patient's representative to select his own qualified professional to review the records. We note, however, that if a proper motion for a protective order were brought before the court on behalf of M.W. or

---

[9] *Neel*, 98 Wn. App. at 393.

[10] *Neel*, 98 Wn. App. at 392.

[11] *Neel*, 98 Wn. App. at 394.

Wichman, the court would have various options available to it, including the appointment of a guardian ad litem for the child, appointing a qualified mental health professional to review the records and advise the court, or performing an in camera inspection of the records before ruling on the motion, as was done in *Neel*.

■ Both parties seek attorney fees based upon RCW 70.02.170(2). Because this action was not initiated under the Act but rather chapter 26.09 RCW, we do not award fees.

Reversed.

GROSSE, J., concurs.

APPELWICK, J. (concurring in part and dissenting in part) — Though Seattle Mental Health (SMH) commenced the proceeding under the health care provisions of RCW 26-.09.225, they did so to defeat Folise's request for health care information under chapter 70.02 RCW. SMH asserts in their briefing, and Folise agrees, that the prevailing party is entitled to reasonable attorney fees under RCW 70.02.170(2). I agree and would award fees to Folise both before the trial court and on appeal. In all other respects I concur with the majority.

Reconsideration denied December 9, 2002.