# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Adoption of: | No. 48727-6-II |
| A.W.A., | |
| A minor child, | |
| M.D.B., | |
| Petitioner, | |
| v. | |
| J.D.A., | PUBLISHED OPINION |
| Respondent/Natural Father. | |

LEE, J. – AWA's mother, LCW, and his stepfather, MDB, challenge the trial court's denial of their request for a protective order to prevent the release of AWA's counseling records to AWA's father, JDA.[1]  LCW and MDB argue that the trial court erred by not considering AWA's best interests and by not conducting an in camera review of the records.  We agree, reverse the trial court's denial of a protective order, and remand for further proceedings consistent with this opinion.

---

[1] Because this court's record is sealed, we use all parties' initials.  We mean no disrespect.  *See* General Order 2017-1 of Division II, *In re Changes to Case Title*, available at: http://www.courts.wa.gov/appellate_trial_courts/

FACTS

AWA lives with his mother, LCW, and her husband, MDB. LCW and MDB have been married for seven years. JDA is AWA's father and lives in California. His involvement in AWA's life has been sporadic.

In 2012, following a visit in California with his father, AWA disclosed to his mother that JDA sexually assaulted him. LCW took AWA to the hospital. The hospital referred AWA to Amber Bradford, a child therapist.[2] JDA denied that he abused AWA.

LCW obtained a temporary protection order on behalf of AWA against JDA in 2012. The temporary order became permanent in October 2014.

In December 2014, MDB petitioned for JDA's parental rights to be terminated and for MDB to adopt nine-year-old AWA under chapter 26.33 RCW. LCW joined the petition.

In 2015, AWA began counseling with Darren Wenz. LCW signed an agreement that they would not involve Wenz in any custody or visitation disputes and would not involve him in any court proceedings. LCW also agreed that Wenz would not "be asked to share my records regarding any such proceedings." Clerk's Papers (CP) at 52. LCW and MDB told AWA that he could share openly with Wenz without fear that the counseling sessions would be disclosed.

AWA's guardian ad litem (GAL) submitted a report, recommending AWA participate in a forensic interview with a qualified mental health professional regarding the abuse allegations. The GAL noted in his report that AWA's current counselor is Wenz. Upon learning that AWA was in counseling with Wenz, JDA requested Wenz's records. LCW and MDB filed a motion for a

---

[2] The release of the hospital's and Bradford's records to JDA was agreed upon by the parties and is not the subject of this appeal.

protective order to prevent disclosure of Wenz's counseling records.  They argued that the court must conduct an in camera review before allowing JDA access to the records and that the court must consider AWA's best interest.

At the hearing on the protective order motion, the trial court stated,

> So I think that the records of Wenz are important.  I don't think that they can be excused from this entire proceeding when he's the current treatment provider.  I don't know exactly what's going to be in those records.  I don't feel as though I need to have an in camera review, though.

Verbatim Report of Proceedings (VRP) at 16.  The trial court made no mention of AWA's best interests in either its written findings of fact or oral ruling.  The trial court denied the motion, finding:

> (1) This case involves the possible termination of [JDA's] parental rights and therefore the stakes are very high for the parties involved;
> (2) The records of Mr. Wenz are important to the Court's ultimate determination of the termination issue;
> (3) The records of Mr. Wenz are discoverable and the father [JDA] is entitled to access to the records; and
> (4) The Parenting Plan governing [JDA's] rights to custody does not prohibit [JDA's] access to the records.

CP at 82.  LCW and MDB moved for discretionary review, which we granted.  (CP 83)

## ANALYSIS

LCW and MDB contend the trial court erred by denying their request for a protective order over Wenz's counseling records with AWA by failing to consider AWA's best interest and failing to conduct an in camera review of the records.  We agree.

We review the trial court's denial of a protective order for abuse of discretion.  *In re Dependency of J.R.U.-S.*, 126 Wn. App. 786, 792 n.1, 110 P.3d 773 (2005) (citing *King v. Olympic*

*Pipeline Co.*, 104 Wn. App. 338, 348, 16 P.3d 45 (2000), *review denied*, 143 Wn.2d 1012 (2001)).

A court abuses its discretion if its decision is manifestly unreasonable or based on untenable

grounds or untenable reasons. *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644

(2014). A trial court also abuses its discretion if it fails to exercise discretion when required to do

so. *Kucera v. Dep't of Transp.,* 140 Wn.2d 200, 224, 995 P.2d 63 (2000).

A. BEST INTERESTS OF THE CHILD

RCW 26.09.225(1) provides that

> Each parent shall have full and equal access to the education and health care records
> of the child absent a court order to the contrary. Neither parent may veto the access
> requested by the other parent.

However, while a parent has the right to a child's health care records, "[a] court, may, in its

discretion, deny full access to one or both parents." *Neel v. Luther Child Center*, 98 Wn. App.

390, 395, 989 P.2d 600 (1999); 20 SCOTT HORENSTEIN, WASHINGTON PRACTICE: FAMILY AND

COMMUNITY PROPERTY LAW § 33.26 at 328 n.2 (2015).

In *Neel*, Division One of this court addressed a similar records access dispute. In that case,

the father sought discovery of his eight-year-old daughter's counseling records. *Neel*, 98 Wn. App.

at 392-93. The counseling center responded that in light of the parent's history of conflict and

allegations of child abuse, release of the records would not be in the best interests of the child. *Id.*

at 393. After conducting an in camera review of the records, the trial court agreed and ruled that

it was "'not in the best interest of the child'" for either parent to have access to the child's records.

*Id.*

On appeal, the *Neel* court noted that while "RCW 26.09 does not state grounds for denying

access to health care records," "[t]he trial court always has considerable discretion to act in the

best interests of the child when considering matters arising out of the dissolution of marriage act." *Id.* at 395. Because the father sought access to his daughter's counseling records to defend against allegations that he abused her, his request for the counseling records did not serve the child's best interests. *Id.* at 395. Thus, the *Neel* court concluded that the trial court appropriately exercised its discretion in denying the father's request for his daughter's counseling records after conducting an in camera review and finding that disclosure of the child's records would not be in her best interests. *Id.* at 396.

Relying on *Neel*, LCW and MDB argue that the trial court erred by not addressing whether discovery of AWA's records would be in AWA's best interest. They further argue the trial court focused on JDA's best interests and not AWA's. We agree and adopt Division One's reasoning in *Neel* that before a trial court makes a decision regarding a parent's access to a child's health care records, it must consider the child's best interests, in addition to other relevant considerations.

This holding is in harmony with the Uniform Health Care Information Act (UHCIA), chapter 70.02 RCW. RCW 70.02.005(1) provides, "Health care information is personal and sensitive information that if improperly used or released may do significant harm to a patient's interest in privacy, health care, or other interests." The UHCIA "is designed to serve the interests of the patient, not the patient's representative." *Neel*, 98 Wn. App. at 395. In *Neel*, the court noted that the father was not seeking health care records to make an informed decision about his daughter; rather the father "sought access to his daughter's health records in order to correct allegedly inaccurate information about himself." *Id.* at 396. JDA is seeking AWA's counseling records for the same purposes. This is not a basis for access under the UHCIA. *Id.*

Additionally, this is an adoption proceeding under chapter 26.33 RCW. Our legislature has expressly stated that while the rights of all parties must be protected in an adoption proceeding, "[t]he guiding principle must be determining what is in the best interest of the child." RCW 26.33.010.

Because the trial court's findings do not reflect consideration of whether discovery of AWA's treatment records would be in AWA's best interests and because a trial court abuses its discretion when it fails to exercise discretion when required to do so, we hold that the trial court erred by not considering AWA's best interests before denying LCW and MDB's motion for a protective order.

B.      IN CAMERA REVIEW

LCW and MDB next argue that the trial court erred by not reviewing the counseling records in camera before denying their motion for a protective order. We agree.

We review a trial court's decision on whether to conduct an in camera review for abuse of discretion. *Forbes v. City of Gold Bar*, 171 Wn. App. 857, 867, 288 P.3d 384 (2012), *review denied*, 177 Wn.2d 1002 (2013). A court deciding a motion for a protective order as to mental health treatment records has various options available to it, including the appointment of a GAL, appointing a qualified mental health professional to review the records and advise the court, or performing an in camera inspection of the records before ruling on the motion. *In re Marriage of Folise*, 113 Wn. App. 609, 614-15, 54 P.3d 222 (2002), *review denied*, 149 Wn.2d 1027 (2003). In *Neel*, the trial court first conducted "an in camera review" of the records before ruling that it was not in the child's best interests for either parent to have access to the records. 98 Wn. App. at 393.

6

No. 48727-6-II

Here, the trial court did not appoint a mental health professional to review the records or perform an in camera review of the records before ruling on the motion. While the trial court did appoint a GAL, it does not appear from the record that the court sought the GAL's opinion on whether the records should be disclosed. Both *Neel* and *Folise* suggest that more was required of the trial court before ruling on LCW and MDB's motion for a protective order. Accordingly, we hold that the trial court abused its discretion by not reviewing AWA's records from Wenz, or having the records reviewed, before ruling on LCW and MDB's motion for a protective order.

We reverse and remand for consideration of LCW and MDB's motion for a protective order consistent with this opinion.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.