IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | | |
|---|---|---|
| In the Matter of the Adoption of | | No.  50598-3-II |
| A.W.A., | | |
| | a minor child, | |
| M.D.B., | | |
| | Petitioner, | |
| v. | | |
| J.D.A., | | UNPUBLISHED OPINION |
| | Respondent. | |

JOHANSON, J. — MDB[1] challenges the denial of his motion to disqualify the trial court judge assigned to his step-parent adoption case.  Because the trial court judge did not make any discretionary rulings that limited MDB's ability to move to disqualify a judge under former RCW 4.12.050 (2009), we reverse the order denying MDB's motion to disqualify the assigned judge and remand for further proceedings.

---

[1] We use initials instead of names pursuant to General Order 2017-1 of Division II, *In re Changes to Case Title* (Wash. Ct. App.).

FACTS

AWA was born in 2007. AWA's mother and MDB were married in 2009. In December 2014, MDB petitioned to terminate AWA's biological father's parental rights and to adopt AWA. AWA's mother joined in the petition.

On February 13, 2015, an order amending case schedule and setting the trial for August 2015 was entered by Judge K. A. Van Doorninck. After several continuances, the trial was eventually set for April 26, 2016.

About two months before the trial date, MDB moved for discretionary review of a pretrial discovery order. On April 1, the assigned judge stayed the trial court proceedings pending disposition of the discretionary review. In the order staying the case, the judge specifically stated that (1) the trial date and other deadlines already scheduled were stayed and (2) "[a] new case schedule shall be issued upon disposition of the pending appeal." Clerk's Papers (CP) at 33.

On May 19, 2017, we issued a published opinion reversing the trial court's pretrial ruling and remanding the case back to the trial court for further proceedings.[2] *See In re Adoption of A.W.A.*, 198 Wn. App. 918, 397 P.3d 150 (2017). On June 16, this case was reassigned to the family court, and Judge Michael Schwartz was assigned to the case.

Also on June 16, Judge Schwartz signed an order stating, "Trial date is set for November 13, 2017. [Guardian ad litem (GAL)] report shall be due 60 days before trial. Discovery cutoff shall be 90 days before trial." CP at 52. The order was simply captioned as an "order," without specifying what the nature of the order was. Both parties signed this order. Neither the order nor

---

[2] We mandated this opinion on June 26, 2017.

the caption mentioned any continuance.[3]  Judge Schwartz issued an amended case schedule the same day.

On June 27, MDB moved to disqualify Judge Schwartz and to change judges under former RCW 4.12.040 (2009) and former RCW 4.12.050.  Judge Schwartz denied the motion that day, ruling that the motion was untimely in light of his June 16 order setting the trial date.  Judge Schwartz noted that he had been "presented with an Order Continuing the Trial and extending the discovery cutoff signed by both parties on June 16, 2017" and had granted that request.  CP at 60.  The presiding judge later denied MDB's motion for reconsideration.

MDB sought discretionary review of the June 27, 2017 order denying the motion to change judges and the order denying reconsideration.  We stayed the trial court proceedings and granted discretionary review.

ANALYSIS

MDB argues that Judge Schwartz erred in denying MDB's motion to disqualify the judge because Judge Schwartz had not made any discretionary rulings before MDB filed the motion.[4]  Because the June 16, 2017 order was an order arranging the calendar and setting a date for a hearing or trial, not a discretionary decision that prevented the judge from recusing, we agree.

---

[3] We note that our record does not contain a transcript of the proceedings that resulted in this order.

[4] In his response to the motion for discretionary review, AWA's biological father agreed with MDB's statement of the case and stated that he (AWA's biological father) had not taken a position in this matter in the trial court and that he did not take a position on discretionary review.  AWA's biological father has not filed a response to MDB's opening brief, but he filed a letter stating that he is not taking any position on the issue before us.

A party in a superior court proceeding is entitled to one change of judge upon the timely filing of an affidavit of prejudice. Former RCW 4.12.040(1), .050(1); *State v. Lile*, 188 Wn.2d 766, 774-75, 398 P.3d 1052 (2017). An affidavit of prejudice is timely if it is filed "'before the judge presiding has made any order or ruling involving discretion.'" *Lile*, 188 Wn.2d at 775 (internal quotation marks omitted) (quoting *In re Recall of Lindquist*, 172 Wn.2d 120, 130, 258 P.3d 9 (2011)). "[T]he arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial . . . , shall not be construed as a ruling or order involving discretion within the meaning of [former RCW 4.12.050(1)]."[5] Former RCW 4.12.050(1). Whether a trial court's order or ruling involves discretion is a question of law that we review de novo. *Lile*, 188 Wn.2d at 776.

The dispositive question here is whether the June 16, 2017 order involved discretion. We hold that it did not.

In his ruling denying MDB's motion, Judge Schwartz characterized the June 16, 2017 order as an order continuing the trial date, which he considered a discretionary act. But as of June 16, this case had been stayed pending the motion for discretionary review of the discovery ruling, the last trial date set had long passed, there was no trial date currently set, and the order staying the case specifically provided that a new case schedule would have to be issued after we resolved the discovery issue. Additionally, the June 16, 2017 order did not purport to address a continuance—

---

[5] The legislature amended former RCW 4.12.050(1) in 2017. LAWS OF 2017, ch. 42, § 2. These amendments took effect in July 2017. The 2017 amendment added "ruling on an agreed continuance" to the list of actions that do not prevent the filing of an affidavit of prejudice. *See* RCW 4.12.050(2). But prior to this amendment, the case law held that rulings on agreed continuances were discretionary decisions that prevented an affidavit of prejudice. *See Lile*, 188 Wn.2d at 776. Because this was a substantive change that is relevant to this case, we apply the version of the statute in effect when the trial court made its decision.

it merely set the new trial date and other deadlines that were necessary once the stay was lifted as was required under the order staying the case. These facts lead us to conclude that the June 16, 2017 order was an order arranging the calendar and setting an action for trial, which is not a discretionary decision under former RCW 4.12.050(1), rather than a continuance of a preexisting trial date.

Since orders arranging the calendar and setting an action for trial are not discretionary acts under former RCW 4.12.050(1), we hold that Judge Schwartz did not make any discretionary decisions in this case and was required to recuse himself. Accordingly, we reverse the order denying MDB's motion for an order changing judges and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, C.J.

SUTTON, J.

5