IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| PASSION WORKS, LLC and<br>ERIC ROOTVIK, | ) | No. 79296-2-I |
| | ) | (consolidated with 79297-1-I) |
| Appellants/ | ) | |
| Cross-Respondents, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STATE OF WASHINGTON,<br>DEPARTMENT OF LABOR AND<br>INDUSTRIES, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondent/ | ) | |
| Cross-Appellant. | ) | |
| | ) | |

SMITH, J. — The Washington Department of Labor and Industries

(Department) issued two infractions with civil penalties of $1,000 each against

Eric Rootvik for violation of statutory contractor registration requirements.

Rootvik appealed to the Office of Administrative Hearings, which affirmed the

infractions and the civil penalties. The superior court also affirmed the infractions

but reduced the civil penalties to a total of $1,000. On appeal, Rootvik seeks

discretionary review of the superior court's order affirming the infractions.

Because he does not satisfy the standards under RAP 2.3, we deny discretionary

review. The Department cross appeals the superior court's order reducing the

civil penalties assessed to Rootvik. Because the superior court acted without

statutory authority and thus substantially departed from the usual course of

judicial proceedings, we grant review and reverse the superior court's reduction

Citations and pin cites are based on the Westlaw online version of the cited material.

of the penalties.

FACTS

Rootvik is "the manager of Passion Works, LLC," doing business as Eric the Closet Guy. He "design[s], engineer[s,] and install[s]" custom closets and shelving. In May 2016, the Department received an anonymous tip that Rootvik was offering these services without a contractor license. Department compliance investigator Terri Zenker began reviewing Rootvik's website in accordance with customary investigation procedure. She discovered that Rootvik was advertising on Craigslist.org and through his company website, Erictheclosetguy.com. The company website showed pictures of significant cabinetry in a walk-in closet. Additionally, the website and advertisement on Craigslist.org directed viewers to third-party reviews on Yelp.com, Houzz.com, and MerchantCircle.com. The reviews discussed installing custom-made closets and shelving. For example, one review stated, "[H]e does everything himself. Designs, measures, builds and installs." Another review said, "[H]e delivered and then installed our new beautiful closets." And finally, a review on Yelp.com stated that the client scheduled an "install date" with Rootvik for custom closets.

Also in May 2016, Ursula Haigh responded to Rootvik's Craigslist.org advertisement and began working with Rootvik to secure a proposal for custom cabinetry in her laundry room.[1] In e-mails to Haigh, Rootvik stated that the "[i]n stall [sic] will probably take four days." When Haigh discovered that Rootvik

---

[1] The revised drawing that Rootvik provided to Haigh shows substantial cabinetry.

2

was not a licensed contractor, she submitted a complaint to the Department and attempted to cancel her contract with Rootvik. Zenker investigated this complaint as well.

In July and August 2016, following review of both the anonymous tip and Haigh's complaint, Zenker issued two infractions under RCW 18.27.010(1)(a).[2] Zenker issued the first infraction (Infraction 1) based on her review of Eric the Closet Guy's websites and advertisements and the references therein to "installation of a product that requires contractor registration," specifically, custom closets. Zenker issued the second infraction (Infraction 2) "[p]rimarily based off the notification by the contractor to the consumer that he was going to install this product, along with [Haigh] confirming what their project was." The Department issued the minimum $1,000 fine for each infraction.

Rootvik formally appealed both infractions to the Office of Administrative Hearings (OAH). Separate Administrative Law Judges (ALJs) from OAH were assigned to the appeals.

During the hearing for Infraction 1, Rootvik presented a small model as an example of "the way [the closets] can be installed." He testified that

> [the closet shelving] really can be installed anywhere. And that
> what it's comprised of -- in this mock wall we have a metal rail,
> which I call a hang rail. It has a screw hole every inch, and these
> are attached to the wall with drywall screws where the studs are.
> And that's the sole connection to the property, the house, or
> wherever it might be that there is.

When asked by the Department whether the model represented the way in which

---

[2] RCW 18.27.010(1)(a) provides the definition for a contractor subject to the statutory registration requirements.

3

Rootvik installed the closets, Rootvik refused to answer and objected to the question. The ALJ overruled his objection and insisted that Rootvik answer. Rootvik responded, "I'm not going to answer it."

The ALJ found that Rootvik had not satisfied his burden of proof. The ALJ thus concluded that "[o]n or about May 13, 2016, [Rootvik] advertised to perform contractor work when not registered as a contractor in violation of RCW 18.27.200(1)(a)." Specifically, she found that "[c]learly when viewing all the websites as a whole, Passion Works LLC dba Eric the Closet Guy, was advertising to design, build and install custom closets." Additionally, the ALJ drew adverse inferences from Rootvik's refusal to answer whether or not his model represents the way in which he installs shelving. The ALJ found no merit in Rootvik's argument that he was exempt from registering under RCW 18.27.090(5).[3] She therefore affirmed the infraction and $1,000 civil penalty issued by the Department.

During the hearing for Infraction 2, Haigh testified that Rootvik said "[t]hat he was going to build [the cabinets] and then place them in the house, install them." Zenker testified that she received information that Rootvik was "going to install the project that" Rootvik agreed to complete for Haigh. Mike Vines, a witness for Rootvik, testified that the cabinets Rootvik installed in Vines' home could be picked up and moved. Rootvik used the same model that he presented

---

[3] RCW 18.27.090(5) provides that the registration provisions do not apply to "[t]he sale of any finished products, materials, or articles of merchandise that are not fabricated into and do not become a part of a structure under the common law of fixtures."

4

at the hearing for Infraction 1 as an example and testified that "[e]verything comes in finished pieces, flat form, and then it's assembled, put the verticals on, attach the horizontals, and in the case of Haigh[,] attach the doors, slide in the drawers. . . . But the only attachment to the building is [a] metal rail."

Following the hearing, the ALJ found that "Rootvik posted an advertisement on [C]raigslist.org . . . . He submitted a bid, or estimate to design, build and install a custom closet system for Ursula Haigh." (Emphasis omitted.) The ALJ further concluded that "[t]he installation of custom closet systems that hang from a rail that is screwed into wall studs, comes within the definition of 'contractor' as set forth in RCW 18.27.010." She found that the exemption under RCW 18.27.090(5) did not apply. Thus, the ALJ concluded that "[b]ecause Eric Rootvik advertised, submitted a bid, offered and agreed to perform contractor work, when he was not registered as a contractor under RCW Chapter 18.27, he was in violation of RCW 18.27.200(1)(a) as alleged in the infraction." She affirmed the infraction and monetary penalty of $1,000.

Rootvik appealed both final orders to the superior court, which consolidated the appeals. A hearing took place in November 2018, and the superior court affirmed the infractions but reduced the total amount of the civil penalties from $2,000 to $1,000. Rootvik appeals the infractions, and the Department cross appeals, arguing that the trial court erred in reducing the civil penalties.

ANALYSIS

Discretionary Review

The superior court's decision affirming Rootvik's infractions and reducing the penalty amount is reviewable only via discretionary review under RAP 2.3. RCW 18.27.310(4). The parties contend that discretionary review is warranted under RAP 2.3(b)(1)-(3).[4] These rules provide that this court accept discretionary review in the following circumstances:

> (1) The superior court has committed an obvious error which would render further proceedings useless;
> (2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;
> (3) The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court.

RAP 2.3(b). For the reasons discussed below, we deny review of the superior court's decisions affirming the infractions. But we grant review of and reverse the superior court's decision to reduce the penalty amount.

Discretionary Review of the Superior Court's Order Affirming the Infractions

Rootvik contends that the superior court improperly concluded that he violated RCW 18.27.200(a)(1). Rootvik fails to satisfy RAP 2.3(b) with regard to this contention, and we therefore decline to review it.

Chapter 18.27 RCW governs the registration of contractors. A contractor

_____

[4] We acknowledge that Rootvik does not specifically address the merits of discretionary review under RAP 2.3 in his opening brief. However, the brief provides sufficient insight into what he believes were the court's errors warranting discretionary review.

includes a person or entity that "offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, develop, move, wreck, or demolish any building, . . . or other structure, project, development, or improvement attached to real estate or to do any part thereof including . . . *cabinet or similar installation*." RCW 18.27.010(1)(a) (emphasis added). And "[i]t is a violation of [chapter 18.27 RCW] and an infraction for any contractor to . . . [a]dvertise, offer to do work, submit a bid, or perform any work as a contractor without being registered as required by [chapter 18.27 RCW]." RCW 18.27.200(1)(a). To establish the commission of an infraction under chapter 18.27 RCW, "[t]he burden of proof is on the [D]epartment . . . , *unless the infraction is issued against an unregistered contractor* in which case the burden of proof is on the contractor." RCW 18.27.310(2) (emphasis added).

Here, Rootvik admits that he was not a registered contractor. Accordingly, he had the burden to establish by a preponderance of the evidence that he did not violate the registration statute. RCW 18.27.310(2). But Rootvik admitted to installing the custom closets and cabinetry which he advertises for, designs, and builds. And those installations fall within the definition of contractor. The cabinetry installation is "cabinet or similar installation," RCW 18.27.010(1)(a), and the closet installation is "similar installation" or its own specialty under Department regulation. See WAC 296-200A-016(7) ("A contractor in this specialty installs, repairs and maintains the lateral or horizontal shelving systems, racks, rails, or drawers involved in a closet or storage system."). Thus, Rootvik

has neither shown that it was an obvious[5] or probable error[6] nor that it was the sanction of a substantial departure from the usual course of proceedings[7] for the superior court to have affirmed the ALJs' determinations that Rootvik violated RCW 18.27.200(1)(a) by failing to register as a contractor.

Rootvik disagrees and contends that he is subject to the exemption under RCW 18.27.090(5). RCW 18.27.090(5) exempts a potential contractor from registration for "[t]he *sale* of any finished products, materials, or articles of merchandise that are not fabricated into and do not become a part of a structure under the common law of fixtures." (Emphasis added.) Rootvik did not sell finished products; he installed them. Given the plain language of the statute, Rootvik failed to show that the superior court committed error in affirming the ALJs' conclusions that the exemption did not apply.[8]

Rootvik cites RCW 7.80.050 for the proposition that the Department must actually witness him performing contractor work. But RCW 7.80.050 does not

---

[5] Cf. Dep't of Labor & Indus. v. Davison, 126 Wn. App. 730, 735-37, 109 P.3d 479 (2005) (concluding that discretionary review under RAP 2.3(b)(1) was warranted where the trial court failed to follow case law in reaching its conclusion of law).

[6] See State v. Howland, 180 Wn. App. 196, 205, 321 P.3d 303 (2014) (concluding that because the trial court did not abuse its discretion, "there was no probable error").

[7] Cf. In re Marriage of Folise, 113 Wn. App. 609, 613, 54 P.3d 222 (2002) (holding that "the trial court has 'departed from the accepted and usual course of judicial proceedings' by ignoring unambiguous language in the statutory scheme and case law on the subject").

[8] Rootvik's focus on "the common law of fixtures," RCW 18.27.090(5), is misplaced. The dispositive issue is whether Rootvik was selling his cabinets or installing them. Because he installs them, the exception does not apply, whether or not the cabinets or closets would be considered fixtures under common law.

apply to this proceeding.[9]  Instead, RCW 18.27.370 provides the standard for issuance of an infraction under chapter 18.27 RCW.  And it requires only that the Department "reasonably believe[ ]" that Rootvik *advertised* or *offered to* install the cabinetry and closets in violation of RCW 18.27.200(1)(a).  RCW 18.27.230.  The Department viewed Rootvik's websites, the reviews left by those who had hired Rootvik, and the e-mails between Rootvik and Haigh, which provide evidence that Rootvik advertised and offered to install cabinetry or closets.  Thus, this contention does not support discretionary review.

Rootvik additionally contends that the contractor registration law violates his right to free speech.  But "[t]he government may ban . . . commercial speech related to illegal activity."  <u>Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York</u>, 447 U.S. 557, 563-64, 100 S. Ct. 2343, 65 L. Ed. 2d 341 (1980).  And here, as discussed, Rootvik engaged in illegal activity by advertising and offering to do work that falls within chapter 18.27 RCW without registering as a contractor.  And had Rootvik completed the work for which he advertised, it also would have been illegal because he is not a registered contractor.  RCW 18.27.200(1)(a).  Therefore, Rootvik's asserted First Amendment violation does not support accepting review under any of the standards set forth in RAP 2.3.

Finally, Rootvik contends that the ALJ presiding over the hearing for Infraction 1 violated his right against self-incrimination when she drew negative

---

[9] The legislature enacted chapter 7.80 RCW to decriminalize some misdemeanors and impose civil infractions instead.  RCW 7.80.005.

inferences from his refusal to answer questions during cross-examination. Because the Fifth Amendment does not attach to testimony in a civil proceeding, we decline to review this argument. See Ikeda v. Curtis, 43 Wn.2d 449, 458, 261 P.2d 684 (1953) ("When a witness in a civil suit refuses to answer a question on the ground that his answer might tend to incriminate him, . . . the trier of facts in a civil case is entitled to draw an inference from his refusal to so testify.").

In short, the superior court's decision finding that Rootvik violated RCW 18.27.200(1)(a) was neither an obvious or probable error nor the sanction of a departure from the accepted and usual course of administrative hearings. Therefore, we deny discretionary review of the superior court's order affirming the Department's issuance of the infractions.

Discretionary Review of the Superior Court's Reduction of Civil Penalties

The Department contends that the superior court committed obvious error, warranting discretionary review, when it reduced the civil penalty imposed on Rootvik from $2,000 to $1,000. Because the superior court acted without legal authority and inconsistent with the statutory language under which the Department imposed the civil penalty, we agree and accept discretionary review of the Department's contention. See Folise, 113 Wn. App. at 613 (granting discretionary review under RAP 2.3(b)(3) where the trial court "ignor[ed] unambiguous language in the statutory scheme").

Rootvik, having been "found to have committed an infraction under RCW 18.27.200 for failure to register[,] shall be assessed a fine of not less than one thousand dollars, nor more than five thousand dollars." RCW 18.27.340(3).

However, the Department's "director may reduce the penalty for failure to register, but in no case below five hundred dollars, *if* the person becomes registered within ten days of receiving a notice of infraction and the notice of infraction is for a first offense." RCW 18.27.340(3) (emphasis added).

Here, the Department issued a civil penalty of $1,000 for each infraction. The Department's director did not exercise discretion to reduce the penalty because there is no evidence that Rootvik registered within 10 days of receiving notice of the infractions and there are two infractions in this appeal. But the superior court nevertheless reduced the penalty for both infractions to a total of $1,000. The superior court cited no authority to support its decision to reduce the fine below the statutory minimum, and we have found none that would. Thus, the superior court erred.

We deny discretionary review of the superior court's decision affirming the infractions issued by the Department. We grant discretionary review as to the superior court's reduction of the civil penalty, and we reverse that decision. We remand to the superior court with instructions to reinstate the full $2,000 penalty.

WE CONCUR:

11