# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ERICA MARIA MEDLOCK, | No. 56028-3-II |
| Respondent, | |
| v. | |
| KELVIN JAMES MEDLOCK, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, A.C.J.—After Kelvin Medlock assaulted his wife, Erica, she obtained a domestic violence protection order restraining him from contacting her. At a hearing on the petition for an order of protection, a commissioner denied Kelvin's attorney's request to cross-examine Erica. Kelvin moved to revise the order based on the refusal to allow his attorney to cross-examine Erica, but the superior court denied revision. Kelvin appeals. Because the commissioner imposed a bright line rule without conducting an individualized inquiry into the facts of the case before refusing to allow cross-examination, we reverse and remand for the superior court to vacate the order.

## FACTS

In January 2021, Kelvin assaulted Erica by suffocating her and taking her phone, keys, and car. She obtained a temporary order for protection from him.

At the beginning of a hearing on the petition before a commissioner, Kelvin's attorney informed the commissioner, "I was just hoping to ask the petitioner a few questions—," but the

commissioner abruptly denied his request. Clerk's Papers (CP) at 67. "Nope. We don't do cross-examination of witnesses . . . . Nope. Make your argument." *Id.*

Erica appeared pro se and argued for the civil protection order, explaining that she was concerned that if there was no criminal conviction, she still needed protection. But she did not testify under oath, and the commissioner instead relied on her written petition explaining Kelvin had suffocated her. Kelvin testified under oath about his version of events and denied the allegations. Following the hearing, the commissioner found that Kelvin represented a credible threat to Erica's safety and entered an order for protection.

Kelvin moved for revision in the superior court based on the commissioner's decision not to permit any cross-examination. The superior court denied the motion for revision, reasoning that the right to confrontation under the Sixth Amendment to the United States Constitution does not apply in civil proceedings. The superior court did not discuss due process.

Kelvin appeals the superior court's order.

ANALYSIS

Kelvin argues that the superior court erred by denying his motion to revise a domestic violence protection order after the commissioner denied his request to cross-examine Erica. We agree.

A court commissioner's decision is subject to revision by the superior court. RCW 2.24.050. On a revision motion, the superior court reviews a commissioner's ruling de novo based on the evidence and issues presented to the commissioner. RCW 2.24.050; *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). If the superior court denies the motion to

revise, the superior court has then adopted the commissioner's findings of fact and conclusions of law as its own. *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

On appeal, we review the superior court's ruling, not the commissioner's order. *In re Vulnerable Adult Prot. Order of Knight*, 178 Wn. App. 929, 936, 317 P.3d 1068 (2014). We review a superior court's decision to grant or deny a protection order for abuse of discretion. *Rodriguez v. Zavala*, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017). We will not disturb such an exercise of discretion absent a clear showing that the court abused its discretion. *Hecker v. Cortinas*, 110 Wn. App. 865, 869, 43 P.3d 50 (2002). We review questions of law, including whether there has been a violation of procedural due process, de novo. *State v. Lyons*, 199 Wn. App. 235, 240, 399 P.3d 557 (2017). The decision to allow or deny testimony and cross-examination in a protection order proceeding is left to the sound discretion of the trial court. *Aiken v. Aiken*, 187 Wn.2d 491, 497, 387 P.3d 680 (2017). But failure to exercise discretion is an abuse of discretion. *In re Adoption of A.W.A.*, 198 Wn. App. 918, 922, 397 P.3d 150 (2017).

The Domestic Violence Prevention Act, chapter 26.50 RCW, governs civil domestic violence protection order proceedings. The Act does not require a court to allow cross-examination in every protection order proceeding. *Aiken*, 187 Wn.2d at 499. Whether, in a particular case, due process demands the opportunity for cross-examination is governed by the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Aiken*, 187 Wn.2d at 499. The *Mathews* factors weigh (1) the private interest impacted by the government action, (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) the government interest, including the additional burden that added procedural safeguards would

entail. 424 U.S. at 335. "A bright line rule prohibiting cross-examination or live testimony in protective order hearings is inappropriate, as it is the province of the trial judge or commissioner to grant or deny cross-examination based on individualized inquiries into the facts of the instant case." *Aiken*, 187 Wn.2d at 505-06.

In *Aiken*, a father challenged a protection order entered against him that was based solely on documentary evidence. *Id.* at 501. The mother sought a protection order on behalf of herself and her children based on an allegation of abuse by the father. *Id*. at 494-95. The father requested a full testimonial hearing on the petition and an opportunity to cross-examine his daughter. *Id.* at 495-96. The mother objected, maintaining that the process would be traumatizing for her daughter. *Id*. at 496. The commissioner denied the request for cross-examination. *Id*. The commissioner then granted the petition and imposed the protection order based on documentary evidence that included the mother's declaration and deposition, a guardian ad litem report, and some of the daughter's health care records. *Id*. at 496, 504.

On review, the Supreme Court applied the *Mathews* balancing test and held that "[i]t was well within the sound discretion of the commissioner to decide that cross-examination in this case was unnecessary and would likely have harmed [the daughter]." *Id.* at 504. While recognizing cross-examination as a "powerful instrument in eliciting truth or discovering error," based on the evidence in the record, it was reasonable to conclude that cross-examination would have produced only "fearful responses" and no additional information beyond what was already in the evidence. *Id*. at 505.

The court went on to clarify that trial courts must conduct "individualized inquiries" into the facts of the case in order to evaluate requests for live testimony or cross-examination, and trial

courts may not impose a "bright line rule" prohibiting these safeguards in protection order hearings. *Id.* at 505-06. The Supreme Court instructed commissioners and superior courts to, as part of applying the *Mathews* balancing test, specifically weigh the likely value of cross-examination against the potential damage that testifying may have. *Id.*

Here, the commissioner failed to conduct any inquiry whatsoever into the facts of the case before denying Kelvin's request for cross-examination. Without weighing the *Mathews* factors or identifying any potential damage that cross-examination might have, the commissioner imposed a bright line rule and denied Kelvin's attorney's request to ask any questions stating, "[W]e do not do cross-examination of witnesses." CP at 67. And the superior court denied revision without specifically weighing the likely value of cross-examination against the potential negative impact on the petitioner. In *Aiken*, there was substantial evidence of the witness's extreme fear and a tenable basis to conclude that in-court testimony and cross-examination would have added little value. *See* 187 Wn.2d at 505. Here, on the other hand, the record suggests that Erica was present and capable of responding to counsel's questions. We recognize that there may be good reasons why allowing cross-examination in a particular domestic violence protection order proceeding would be harmful, and those reasons should be considered in a *Mathews* analysis. But the commissioner's failure to consider the circumstances of this case and exercise discretion on the record constituted an abuse of discretion. *See A.W.A.*, 198 Wn. App. at 922.

Accordingly, we reverse the superior court's order and remand for the court to vacate the domestic violence protection order.

No. 56028-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Maxa, J.

Veljacic, J.