# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DONALD HERRICK, | No.  55794-1-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF SOCIAL AND HEALTH SERVICES and SPECIAL COMMITMENT CENTER, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Donald Herrick appeals the superior court's order on the Department of Social and Health Services' (Department's) motion for show cause under the Public Records Act (PRA), chapter 42.56 RCW.[1]  Herrick argues that the superior court erred in its findings regarding the Department's compliance with the PRA and in determining the amount of penalties imposed against the Department.  Herrick also argues that the superior court erred by failing to award costs to him as the prevailing party.  We affirm the superior court's order on the Department's motion to show cause but remand to the superior court to consider Herrick's request for costs consistent with this opinion.

---

[1]  Herrick filed a countermotion to show cause, but the order on appeal is titled, "Order on Motion for Show Cause and Findings under the Public Records Act (PRA)," and that order states, "Defendant's Motion for show cause is **GRANTED**."  Clerk's Papers (CP) at 247, 251.

FACTS

A.    PRA REQUESTS

Between December 2015 and May 2016, while detained at the Special Commitment Center (SCC), Herrick filed three public records requests with the SCC. *Herrick v. Dep't of Soc. and Health Servs.*, No. 37362-2-III, slip op. at 1-2 (Wash. Ct. App. May 19, 2020) (unpublished).[2] The first request related to the investigation of an SCC employee. *Id*. at 2. The SCC produced various documents in response to this request, but redacted a photograph of the employee in the documents produced. *Id*.

Herrick's second request was for a copy of the SCC mail log. *Id*. Herrick narrowed the request to a time frame beginning January 1, 2011. *Id*. There is no dispute that the SCC adequately responded to this request. *Id*.

Herrick's third request was for a copy of his individual SCC mail log. *Id*. The SCC public disclosure unit informed Herrick that it did not keep individual mail logs for residents and, therefore, did not produce any documents in response to this request. *Id*.

B.    PRA LITIGATION

Herrick filed an action seeking penalties for the Department's failure to comply with the PRA. *Id*. The superior court determined that the Department properly redacted the employee photo but should have produced an individual mail log for Herrick. *Id*. at 3-4. The trial court imposed a penalty of $12,090 for the failure to produce the individual mail log. *Id*. at 4. Herrick appealed and the Department cross appealed. *Id*.

On appeal, the Department conceded that the employee photo was improperly redacted. *Id*. at 5. Division Three of this court held that there is no duty to produce or create records that do

---

[2]  https://www.courts.wa.gov/opinions/pdf/373622_unp.pdf

not exist, and because the SCC did not keep individual mail logs, the Department was not required to produce an individual mail log in response to Herrick's request. *Id*. at 6-7. The court left the question of whether the general mail log that the SCC produced fulfilled the Department's obligations under the PRA for the superior court to resolve on remand. *Id*. at 7.

C.      PROCEEDINGS ON REMAND

On remand, the Department made a motion for show cause, seeking findings that the Department did not violate the PRA by failing to provide Herrick's individual mail log and that a minimal daily fine for the improper redaction of the photograph was appropriate. In support of its show cause motion, the Department included its initial response to Herrick's request for records regarding the investigation into the SCC employee, including the redacted photograph of the employee, which is shown as a black and white photograph with a solid gray box in the middle of the document. Also included in the response to Herrick's PRA request relating to the SCC employee investigation was an unredacted photograph of Herrick. Herrick's photograph is a grainy, poor-quality, black and white photograph. The Department later produced an unredacted copy of the employee photograph as part of a discovery response on November 9, 2017.

With regard to the mail logs, the Department explained that Herrick was detained at the SCC from December 7, 2010 until February 11, 2019. On April 27, 2016, Herrick submitted his request for "**THE** SCC 'mail log.'" Clark's Papers (CP) at 95. On April 28, the SCC sent Herrick a letter asking that he clarify the specific scope of his request by May 12. On May 5, Herrick limited his request to a time period from January 1, 2011 to present. Herrick also referenced a separate request for his individual mail log that he had made on April 6, 2016, that he was still waiting for a response. On May 9, the SCC responded that it had not received the April 6 records request.

On May 15, Herrick resubmitted his request for his individual mail log. On May 18, the SCC informed Herrick that it did not have any responsive records because the SCC did not maintain individual mail logs. On May 23, the SCC sent the records responsive to Herrick's April 27 request for the SCC mail log to Herrick's attorney, as Herrick requested, and closed the request.

Nicole Brees, the legal coordinator and records manager at the SCC, signed a declaration relating to the SCC's public records unit in support of the Department's motion to show cause. Brees explained that she oversees the designated public disclosure coordinator who is responsible for responding to public records requests. The SCC uses a specific software system to track all public records requests. The public disclosure coordinator also receives extensive training on responding to public records request and is required to engage in continuing education. The SCC public disclosure coordinator also regularly attends trainings and meetings with other department public disclosure employees and leads.

On March 3, 2021, Herrick filed a countermotion to show cause, arguing that the Department violated the PRA by failing to provide his personal mail log and continued to violate the PRA in regard to the employee photograph. Herrick asserted that significant daily fines were warranted for the Department's violations. Herrick also requested a total of $799 in costs and fees related to the costs of clerk's papers and filing fee in the appeal.

On March 9, the Department filed a "Reply to Plaintiff's Response to Motion for Show Cause and Findings under the PRA." CP at 228. And, on March 29, Herrick filed "Plaintiff's Reply to Defendant's Response to Countermotion for Show Cause." CP at 240.

On March 29, the superior court entered its order on the Department's motion for show cause, which included written findings of fact and conclusions of law. The superior court decided the motion on the filings and pleadings without a hearing. The superior court found that by

4

fulfilling Herrick's request for the complete SCC mail log, the Department provided the documents Herrick had requested in his request for his personal mail log. The superior court also found that the Department complied with the PRA when it provided the unredacted photograph in its discovery request, and therefore, a total of 636 days elapsed from the disclosure of the improperly redacted photograph until the unredacted photograph was produced. The superior court imposed a per day fine of $1 for the improper redaction of the photograph for a total fine of $636. The superior court based the amount of the per day fine on the following findings of fact:

> 7. The SCC provides significant training to it[s] public records coordinator. The training includes onboarding and ongoing training adequate to support the role of public records coordinator.
> 8. The SCC provides software to ensure the tracking and retrieval of public records request, and allows for notes, correspondence and calendaring of tasks related to a particular request.
> 9. The photograph at issue was an improper redaction, but was only one page of a complicated 8-part record request.
> 10. The SCC promptly responded to Mr. Herrick's request and promptly searched for responsive records. The request was forwarded to another department for those records that were maintained by the other department.
> 11. The SCC provided a reasonable explanation of the error and the error was not intentional or made in bad faith.
> 12. There is no public importance of the staff photograph. The photograph was a face shot of the staff member and had not [sic] evidentiary value to the investigation.
> 13. Mr. Herrick has not suffered an economic loss as a result of the failure to receive the photograph unredacted.
> 14. A penalty has minimal deterrent value because the mistake involves a one-time mistake of law by the Agency.

CP at 248-49. The order did not address Herrick's request for costs and fees.

Herrick appeals.

ANALYSIS

Herrick argues that it was improper for the Department to file a motion to show cause and the superior court erred by failing to consider his reply brief. Herrick also argues that the Department failed to comply with the PRA in responding to his request for the individual mail log

because that request was distinct from his request for the general SCC mail log. Herrick further argues that the SCC has continued to fail to comply with his request for the photograph because the unredacted photograph is a poor quality, black and white photograph. Finally, Herrick argues that the relevant factors warrant a higher per day penalty and the superior court erred by failing to award him costs. We affirm the superior court's order on the Department's motion to show cause but remand to the superior court to determine the amount of costs Herrick should have been awarded.

A.      DEPARTMENT'S SHOW CAUSE MOTION

Herrick argues that it was improper for the Department to file a motion to show cause and the superior court erred by failing to consider his reply brief. We are not persuaded by Herrick's argument.

Show cause motions are the usual mechanism for resolving PRA litigation. *Wood v. Thurston County*, 117 Wn. App. 22, 27, 68 P.3d 1084 (2003). And there is at least one published case in which the agency was the party that brought the show cause motion. *Forbes v. City of Gold Bar*, 171 Wn. App. 857, 862, 288 P.3d 384 (2012), *review denied*, 177 Wn.2d 1002 (2013). Therefore, it was not improper for the Department to file the motion to show cause after this case was remanded to the superior court.

As to Herrick's reply brief, there is no indication in the record that the superior court failed to consider Herrick's March 29, 2021 reply brief. The Department did not move to strike Herrick's reply brief, and the superior court's order expressly stated that it considered all the pleadings filed. Herrick's argument fails.

B.     COMPLIANCE WITH THE PRA

We review a challenge to an agency action under the PRA de novo. RCW 42.56.550(3). Because our "'record consists only of affidavits, memoranda of law, and other documentary evidence,' we stand in the same position as the trial court." *John Doe G v. Dep't of Corr.*, 190 Wn.2d 185, 191, 410 P.3d 1156 (2018) (quoting *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (plurality opinion)).

The PRA requires that "[e]ach agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within specific exemptions of . . . this chapter, or other statute which exempts or prohibits disclosure of specific information or records." RCW 42.56.070(1). We construe the PRA's disclosure provisions liberally and exemptions narrowly. *John Doe G*, 190 Wn.2d at 191-92. "The legislature enacted the PRA to ensure 'broad disclosure of public records.'" *Id*. at 192 (quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)).

Under the PRA, an agency has no duty to produce records that do not exist. *Fisher Broadcasting-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515, 522-23, 326 P.3d 688 (2014). However, a public record includes "'existing data compilations from which information may be obtained' 'regardless of physical form or characteristics.'" *Id*. at 524 (quoting RCW 42.56.010(4), (3)). Therefore, an agency must disclose information that is responsive to a request even if it is not in the specific form that was requested. *See Id*. at 523-24.

1.     Production of the Mail Log

Herrick argues that disclosure of the general mail log is insufficient to respond to his request because the timeframe of the general mail log was limited while the timeline for his individual mail log was not. We disagree.

Here, the Department was under no obligation to create an individual mail log when it is undisputed that the SCC does not keep individual mail logs. Therefore, the Department was not required to produce an individual mail log in response to Herrick's request.

However, the general SCC mail log contains information that is responsive to Herrick's request and, therefore, production of the general mail log is responsive to Herrick's request. Herrick explicitly chose to narrow his request for the general mail log and it is undisputed that the SCC fully complied with that request. Because the general mail log was the only record containing information about Herrick's individual mail log, and Herrick has received that record in accordance with his clarification as to how he wanted the general mail log produced, the superior court properly determined that the SCC has complied with the PRA in regards to Herrick's request for his personal mail log.

2.      Employee Photograph

Herrick argues that the Department has failed to comply with the PRA in regards to the employee photograph because the unredacted photograph is a poor-quality, black and white photograph. We disagree.

Here, the record shows that the originally redacted photograph was a poor-quality, black and white photograph with a solid gray box on it. The unredacted photograph is a poor-quality, black and white photograph with an image of the employee where the solid gray box had been. It is clear from the record that the Department had produced an unredacted copy of the previously redacted employee photograph. Further, Herrick has provided no evidence that a photo of the quality he requests exists.[3] The Department is not required to create a new photograph because

---

[3] In his brief, Herrick includes multiple references to having seen a high-quality, color photograph during the course of the SCC's investigation into the employee and references an affidavit

Herrick is unhappy with the quality of the records that exist. *See Id*. at 523-24. Therefore, disclosure of the unredacted photograph in its discovery response fulfills the Department's obligations under the PRA.

C.     AMOUNT OF PENALTIES

Herrick argues that the superior court erred in determining the amount of penalties for the improper redaction of the employee photograph because the *Yousoufian*[4] factors warrant higher penalties. We disagree.

We review a superior court's decision on the amount of penalties for an abuse of discretion. *Yousoufian*, 168 Wn.2d at 458. Our Supreme Court has provided the mitigating and aggravating factors that must be considered when determining the amount of a per diem penalty for violations of the PRA. *Id*. at 466-68. The mitigating factors are:

> (1) a lack of clarity in the PRA request, (2) the agency's prompt response or legitimate follow-up inquiry for clarification, (3) the agency's good faith, honest, timely, and strict compliance with all PRA procedural requirements and exceptions, (4) proper training and supervision of the agency's personnel, (5) the reasonableness of any explanation for noncompliance by the agency, (6) the

---

allegedly attesting to that fact. But Herrick provides no citation for the affidavit and the record on appeal does not contain any affidavit attesting to these facts.

Herrick has attempted to incorporate the record from the original trial court proceedings by reference, while urging this court to apply a liberal, less stringent standard to his pleadings on account of his proceeding as a self-represented litigant. *See* Br. of Appellant at 9 ("Plaintiff, in an effort to be more judicious with the court's time and resources, would place emphasis on, and draw the Court's attention to, arguments made in original trial court filings offered in Clerk's Papers and will make reference to such throughout the current filings instead of lengthy duplicative verbatim quotes.").

However, in Washington, self-represented litigants are held to the same standards as attorneys. *Winter v. Dep't of Soc. & Health Services*, 12 Wn. App. 2d 815, 844, 460 P.3d 667, *review denied*, 196 Wn.2d 1025 (2020). Our court rules require that factual statements in briefs be supported by citation to the record. RAP 10.3(a)(5). And the record on review must be composed in compliance with Title 9 RAP. Because Herrick has failed to comply with these rules, there is no support for his assertion that a high-quality, color photograph exists.

4  *Yousoufian v. Office of Ron Sims*, 168 Wn.2d 444, 229 P.3d 735 (2010).

helpfulness of the agency to the requestor, and (7) the existence of agency systems to track and retrieve public records.

*Id*. at 467 (footnotes omitted). The aggravating factors are:

(1) a delayed response by the agency, especially in circumstances making time of the essence, (2) lack of strict compliance by the agency with all the PRA procedural requirements and exceptions, (3) lack of proper training and supervision of the agency's personnel, (4) unreasonableness of any explanation for noncompliance by the agency, (5) negligent, reckless, wanton, bad faith, or intentional noncompliance with the PRA by the agency, (6) agency dishonesty, (7) the public importance of the issue to which the request is related, where the importance was foreseeable to the agency, (8) any actual personal economic loss to the requestor resulting from the agency's misconduct, where the loss was foreseeable to the agency, and (9) a penalty amount necessary to deter future misconduct by the agency considering the size of the agency and the facts of the case.

*Id*. at 467-68 (footnotes omitted).

Here, the superior court considered the relevant *Yousoufian* factors when determining the per day penalty for improper redaction of the employee photograph. Specifically, the superior court considered the mitigating factors and the superior court's findings do not indicate the existence of any of the aggravating factors. On this record, the superior court did not abuse its discretion in setting a $1 per day penalty for the improper redaction of the employee photograph.

D.    REQUEST FOR COSTS

Herrick argues that the superior court erred by refusing to grant his request for costs under RCW 42.56.550(4). Herrick also requests costs on appeal under RAP 14.1 and RAP 18.1. We agree that the superior court erred in failing to address Herrick's request for costs. We deny Herrick's request for costs on appeal.

1.    Costs Requested in the Superior Court

The PRA provides that "[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including

10

reasonable attorney fees, incurred in connection with such legal action." RCW 42.56.550(4). "Whether to award costs and attorney fees [under RCW 42.56.550(4)] is a legal issue reviewed de novo." *Sanders v. State*, 169 Wn.2d 827, 866, 240 P.3d 120 (2010). However, the amount of the award is reviewed for an abuse of discretion. *Id*. at 867. The failure to exercise discretion is itself an abuse of discretion. *In re Adoption of A.W.A.*, 198 Wn. App. 918, 922, 397 P.3d 150 (2017).

A requester does not need to prevail on all his or her claims in order to be awarded costs and attorney fees. *See Sanders*, 169 Wn.2d at 867-68. However, "[i]t is clear that a court has the discretion to apportion an award of costs and fees so that it does not relate to any exempt documents." *Id*. at 867. Further, the superior court may reduce the amount of costs and attorney fees in order to account for claims on which the requester did not prevail. *See Id*. at 868 ("Around 95 percent of the claimed exemptions proved valid, suggesting that Justice Sanders's fees and costs should be deeply discounted."). While self-represented PRA litigants may be entitled to costs, they are not entitled to recover attorney fees. *See West v. Thurston County*, 168 Wn. App. 162, 195, 275 P.3d 1200 (2012).

Here, Herrick prevailed on the issue of whether the employee photograph should have been provided. Therefore, Herrick may have been entitled to an award of some costs. Thus, the superior court should have exercised its discretion to determine Herrick's request for costs. The superior court abused its discretion by completely failing to consider Herrick's request for costs. Accordingly, we remand to the superior court to consider Herrick's request for costs.

2.      Costs on Appeal

Herrick requested costs on appeal under RAP 14.1.  However, RAP 14.2 governs who is entitled to costs on appeal.  RAP 14.1(d).  Under RAP 14.2, costs are awarded to the party that substantially prevails on appeal.[5]

Here, Herrick is not the substantially prevailing party on appeal.  Although we remand to the superior court to exercise its discretion regarding an award of costs because Herrick prevailed on one of his claims at the superior court, we have affirmed the merits of the superior court's order in its entirety.  Herrick did not prevail on the substantial majority of his arguments on appeal. Accordingly, we deny Herrick's request for costs on appeal.

We affirm the superior court's order on the Department's motion to show cause but remand to the superior court to consider Herrick's requests for costs consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Glasgow, C.J.

_____
Veljacic, J.

---

[5]  Herrick's entire argument for costs on appeal merely states that he is entitled to costs "consistent with RAP 14.1(a) and (b), and RAP 18.1(a) and (b)."  Br. of Appellant at 50.  Herrick does not cite nor argue RCW 42.56.550(4).