**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
AUGUST 29, 2024

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
AUGUST 29, 2024

_Sarah Pendleton_
SARAH R. PENDLETON
ACTING SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| In the Matter of the Dependency of | ) | No. 102344-8 |
| | ) | |
| Baby Boy B., | ) | En Banc |
| | ) | |
| a minor child. | ) | Filed: <u>August 29, 2024</u> |
| | ) | |

GONZÁLEZ, C.J. — The State has the power to remove a child from their parent, guardian, or legal custodian to protect that child from neglect or abuse. RCW 13.34.050; RCW 26.44.050. Sometimes, protecting the child requires court ordered shelter care. RCW 13.34.060(1). "Shelter care" is temporary physical care in a home or licensed facility. RCW 13.34.030(25). Under child welfare laws, "[n]o child may be placed in shelter care for longer than thirty days without an order, signed by the judge, authorizing continued shelter care." RCW 13.34.065(7)(a)(i). The same statute sets forth the requirements for waiving a shelter care hearing. RCW 13.34.065(3)(b).

In this case, a child was taken from their mother and placed in shelter care. After several monthly shelter care hearings, the superior court declined to hold additional hearings except upon a motion that included an allegation of a change in

circumstances. We must decide whether, absent a valid waiver or agreed continuance, the statute requires superior courts to hold shelter care review hearings every 30 days as long as a child is in shelter care. We conclude they must. Accordingly, we reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

FACTS

JB is the mother of Baby Boy B (BBB). The Department of Children, Youth, and Families (the Department) filed a dependency petition and removed BBB from his mother[1] shortly after his birth. The superior court placed BBB with his maternal grandmother at the initial 72-hour shelter care hearing. The court held shelter care hearings in April, May, and June. At each of these hearings, the court found that there were no contested issues and that the prior orders remained in full force and effect.

King County Superior Court Local Juvenile Court Rule (LJuCR) 2.5 provides for one shelter care hearing within 30 days of the initial 72-hour shelter care hearing. LJuCR 2.5(a)(1). At the time, additional hearings would not occur unless "a party ha[d] filed and served written notice of new issues." Former LJuCR 2.5(a)(2) (2021). The rule required that requests to modify a shelter care order be based on an "Affidavit of Change of Circumstances" and "specify the

---

[1] BBB's father is not a party to this case.

2

change in circumstances, relief requested, statement of facts and the evidence relied upon." Former LJuCR 2.5(b).

At a June hearing, the court asked the parties to brief "whether a parent is entitled to an additional shelter care hearing every 30 days when one 30-Day Shelter Care Hearing has already occurred and the parent's visits are unsupervised." Sealed Clerk's Papers (CP) at 90. After receiving that briefing, the trial court decided that additional monthly shelter care hearings were not required. Sealed Verbatim Rep. of Digitally-Recorded Proc. (VRP) at 11. The court found that

> the mother's insistence of having a 30-day shelter care hearing in May and now in June, yet going on the record and just signing a status quo order because her visits are unsupervised at this time is a waste of judicial resources not contemplated by the statute. Under [former] Local Juvenile Court Rule under 2.5, it clearly states that the mother may note another shelter care hearing if new issues arise.

VRP at 10. The court explained that it would be "happy to hear any motions that need to be set under [former] Local Juvenile Court Rule 2.5 if there's an issue that needs to be addressed." VRP at 11.

On discretionary review, the Court of Appeals affirmed, reasoning "the statute's plain language does not require monthly review hearings for continuing shelter care." *In re Dependency of Baby Boy B.*, 27 Wn. App. 2d 825, 827, 533 P.3d 1177 (2023). The court also concluded that because the statute does not

require monthly hearings, "King County's LJuCR 2.5 is not contrary to RCW

13.34.065(7)(a)(i)." *Id.* at 837.

We granted review.

ANALYSIS

Courts have the authority to direct the State to take a child into custody

when, among other circumstances, a dependency petition is filed. RCW

13.34.050(1)(a). A child taken into custody "shall be immediately placed in shelter

care." RCW 13.34.060(1). "No child may be held longer than seventy-two hours

. . . after such child is taken into custody unless a court order has been entered for

continued shelter care." *Id.*

"The primary purpose of the shelter care hearing is to determine whether the

child can be immediately and safely returned home while the adjudication of the

dependency is pending." RCW 13.34.065(1)(a). At the shelter care hearing, "the

court shall examine the need for shelter care and inquire into the status of the case.

The paramount consideration for the court shall be the health, welfare, and safety

of the child." RCW 13.34.065(4). In light of that consideration, courts must

inquire into several factors, including (1) "[w]hether the child can be safely

returned home while the adjudication of the dependency is pending," (2) "[w]hat

services were provided to the family to prevent or eliminate the need for removal

of the child," and (3) whether "the placement proposed by the department [is] the least disruptive and most family-like setting that meets the needs of the child." *Id.*

Shelter care is intended to be "temporary physical care." RCW 13.34.030(25). It is an initial step in dependency and termination proceedings. *See In re Dependency of K.N.J.*, 171 Wn.2d 568, 576, 257 P.3d 522 (2011). After shelter care has been ordered, absent certain specified circumstances not relevant here, the court must hold a fact-finding hearing within 75 days to determine whether a child is dependent. RCW 13.34.070(1), .110(1). Following the fact-finding hearing, the court must enter a dependency order or dismiss the petition. RCW 13.34.110(1). Once a child is found dependent, the court will hold review hearings at least every 6 months to evaluate the parties' progress and determine whether continued court supervision is necessary. RCW 13.34.138(1). Finally, the Department may seek to terminate the parent-child relationship. RCW 13.34.132, .180.

We must decide whether RCW 13.34.065(7)(a)(i) requires trial courts to hold a shelter care review hearing every 30 days while the dependency decision is pending. We review questions of statutory interpretation de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The goal of statutory interpretation is to identify and implement the legislature's intent. *Id.* at 9-10. Our analysis begins with the plain language of the statute and when the

5

plain meaning is clear, it ends there. *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). "In discerning the plain meaning of a provision, we consider the entire statute in which the provision is found, as well as related statutes or other provisions in the same act that disclose legislative intent." *State v. Alvarado*, 164 Wn.2d 556, 562, 192 P.3d 345 (2008). Where the statutory language is ambiguous—allowing for more than one reasonable interpretation—we may turn to canons of statutory construction, legislative history, and relevant case law. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014); *State v. Evans*, 177 Wn.2d 186, 192-93, 298 P.3d 724 (2013).

Both parties argue that RCW 13.34.065(7)(a)(i) is unambiguous, but they disagree on its plain meaning. JB argues that the plain language of the shelter care statute requires judicial review and a new order every 30 days. She contends that ongoing judicial oversight is needed to determine whether continued shelter care is necessary and to hold parties accountable.

The Department argues that the statute does not require a hearing every 30 days. In the Department's view, the court only has to issue "an order" to authorize continued shelter care lasting longer than 30 days. *See* Suppl. Br. of Resp't at 13. Under the Department's reading, the statute establishes a judicial review minimum but allows courts discretion to provide further oversight "should they choose." *Id.* at 18. We disagree.

The statutory language at issue here provides:

A shelter care order issued pursuant to this section may be amended at any time with notice and hearing thereon. The shelter care decision of placement shall be modified only upon a showing of change in circumstances. *No child may be placed in shelter care for longer than thirty days without an order, signed by the judge, authorizing continued shelter care.*

RCW 13.34.065(7)(a)(i) (emphasis added). The statute prohibits placing a child in shelter care for longer than 30 days unless there is a new order.

Read in isolation, RCW 13.34.065(7)(a)(i) does not itself require a hearing every 30 days. However, implied in the statute's use of "order" is the requirement that parties be afforded an opportunity to be heard before an order is issued. *See* RCW 13.34.090 (providing that any party has a right to be heard in all proceedings under chapter 13.34 RCW). This understanding is consistent with how superior courts apply the statute in practice. Superior courts in Snohomish, Whatcom, Pierce, and Mason Counties routinely hold shelter care hearings every 30 days. CP at 12-20 (attorney declarations describing the statute's application in different counties). It is also consistent with the Washington State Bar Association's Family Law Deskbook. The Deskbook explains that "[u]pon the filing of a dependency petition and the removal of the child from the parent's care, shelter care must be established with *continued court review*." 2 WASH. STATE BAR ASS'N, WASHINGTON FAMILY LAW DESKBOOK § 49.05, at 49-10 (3d ed. 2022) (emphasis added). The Deskbook also explains that a "shelter care order is effective for 30

days" and that "[a]nother order authorizing continued shelter care must be entered if the child is to be detained longer than 30 days." *Id.* at § 49.05(6)(h) at 49-19.

The broader statutory scheme of the Juvenile Court Act in Cases Relating to Dependency of a Child and the Termination of a Parent and Child Relationship (Act), ch. 13.34 RCW, further supports this interpretation. *See Campbell & Gwinn*, 146 Wn.2d at 10-12 (plain meaning is discerned from the statutory scheme as a whole). Recognizing "the family unit [as] a fundamental resource of American life," our legislature declared "that the family unit should remain intact unless a child's right to conditions of basic nurture, health, or safety is jeopardized." RCW 13.34.020. "The paramount goal of child welfare legislation is to reunite the child with the legal parents if reasonably possible." *In re Parental Rts. to K.J.B.*, 187 Wn.2d 592, 597, 387 P.3d 1072 (2017) (citing *In re Dependency of J.H.*, 117 Wn.2d 460, 476, 815 P.2d 1380 (1991); *In re Custody of C.C.M.*, 149 Wn. App. 184, 202 P.3d 971 (2009)). The Act "reflects the vital interests at stake [in dependency and termination proceedings] and protects [those interests] in many ways." *In re Dependency of A.C.*, 1 Wn.3d 186, 196, 525 P.3d 177 (2023).

The Act protects these interests, in part, by establishing requirements for ongoing judicial oversight throughout the life of the case. Under the Act, judicial oversight begins within 72 hours of a child being placed in shelter care. RCW 13.34.060(1) (requiring the court to hold an initial shelter care hearing). In order to

determine whether shelter care is appropriate, the court must engage in a searching inquiry. RCW 13.34.065(4). The Act specifically requires courts to inquire into at least 11 factors, including whether the child can be safely returned home, what efforts have been made to place the child with a relative, and what services have been offered to the family. *See id.*

Requiring judicial review during shelter care is consistent with the court's continued oversight obligations throughout dependency and termination proceedings. Similar to the court's obligation to hold regular shelter care hearings so long as the child is in shelter care, the court must hold regular dependency hearings "to review the progress of the parties and determine whether court supervision should continue." RCW 13.34.138(1). During this phase, the superior court must review the case "at least every six months." *Id.* The statute sets out factors for the court to establish prior to continuing out of home placement. *See* RCW 13.34.138(2)(c). In certain circumstances, the court's oversight continues even after terminating parental rights. RCW 13.34.210.

Understanding RCW 13.34.065(7)(a)(i) as requiring regular judicial review during shelter care is consistent with the statutory scheme's emphasis on reunification and judicial oversight throughout dependency and termination proceedings, especially at the early stages before a finding of dependency has been made. A shelter care order is an extraordinary measure and is intended to be an

interim solution in place for a short time.  Placing a child in shelter care separates that child from their family and does so after only a minimal evidentiary showing. Under these circumstances, requiring the superior court to routinely inquire into the need for ongoing shelter care is especially critical to reuniting the family as soon as safely possible, holding parties accountable, ensuring that the case proceeds either to dismissal or dependency, and ensuring the "health, welfare, and safety of the child."  RCW 13.34.065(4).[2]

The Department contends that it is unnecessary to read the statute as requiring monthly judicial review during shelter care because the statutory scheme "provide[s] sufficient safeguards."  Suppl. Br. of Resp't at 28.  It calls our attention to provisions concerning (1) the right to counsel and a guardian ad litem, (2) notice requirements, (3) a mandatory 72-hour shelter care hearing, (4) case conference requirements, and (5) amending a shelter care order. The Department also emphasizes parties' ability to obtain review under LJuCR 2.5.

But the provision of judicial oversight in other statutes does not eliminate the requirement for regular judicial oversight during shelter care.  Instead, the

---

[2] JB also argues that requiring regular shelter care hearings is consistent with the legislative goal of reducing the disproportionate removal of children of color from their families. We agree. The Keeping Families Together Act includes a statement of legislative intent stating, "[I]t is the intent of the legislature to safely reduce the number of children in foster care and reduce racial bias in the system by applying a standard criteria for determining whether to remove a child from a parent when necessary to prevent imminent physical harm to the child due to child abuse or neglect."  LAWS OF 2021, ch. 211, § 2.

numerous "safeguards" identified by the Department serve to support, rather than undermine, the requirement for recurring judicial review. Furthermore, it is not clear how the trial court could issue an order without first providing the parties an opportunity to be heard on the matter and without engaging in some form of judicial review. If, as the Department appears to argue, a court could order continued shelter care into perpetuity without performing any meaningful review, the statute's 30-day time limitation is rendered meaningless.

Consistent with basic due process principles, the purpose of the Act, and the superior court's obligation to provide ongoing oversight throughout the life of the case, the plain language of RCW 13.34.065(7)(a)(i) and related statutes is clear: judicial review and a new shelter care order is required every 30 days to continue out of home placement before dependency is determined. During these hearings, the court may take notice of prior orders and the evidence those orders were based on. However, given that these are preliminary proceedings, prior orders shall have no preclusive effect.

CONCLUSION

We hold that the plain language of our shelter care statutes requires shelter care hearings every 30 days so long as the child is in shelter care. We also hold that King County LJuCR 2.5 is inconsistent with RCW 13.34.065(7)(a)(i).

Accordingly, we reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

González, C.J.

WE CONCUR:

Johnson, J.

Gordon McCloud, J.

Madsen, J.

Yu, J.

Owens, J.

Montoya-Lewis, J.

Stephens, J.

Whitener, J.