**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MARCH 25, 2025

*Signature*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MARCH 27, 2025

*Signature*
SARAH R. PENDLETON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

In re the Dependency of:

C.J.J.I., C.V.I., and R.A.R. Jr.,
minor children.

NO. 1 0 3 5 4 1 - 1

EN BANC

Filed: <u>March 27, 2025</u>

PER CURIAM—M.R., the mother in this dependency matter, asks this court to review a Court of Appeals ruling denying discretionary review of an interlocutory order she sought to challenge under RAP 2.3(b)(3). The Court of Appeals denied review on the ground that RAP 2.3(b)(3) applies only "to address a *procedural* irregularity, not a *substantive* irregularity." Comm'r's Ruling at 1. We grant review and hold that the Court of Appeals erred by limiting RAP 2.3(b)(3) in this manner. We reverse the denial of M.R.'s motion for discretionary review and remand for the Court of Appeals to reconsider her motion under the correct legal standard.

BACKGROUND

This consolidated case involves separate dependency actions involving M.R.'s three children, including two actions that are subject to the federal and state Indian Child Welfare Acts (ICWA/WICWA). The superior court issued a dispositional order requiring the Department of Children, Youth, and Families (Department) to provide M.R. a minimum of four hours of supervised visitation each week with each child. The Department failed to provide numerous visits during a particular period, and M.R. asked the superior court to return the children to her due to the Department's failure to make "active efforts" to provide consistent visitation. *See, e.g.*, *In re Dependency of G.J.A.*, 197 Wn.2d 868, 875, 489 P.3d 631 (2021) ("ICWA and WICWA mandate that the State provide 'active efforts' to prevent the breakup of Indian families.").[1] The superior court held a hearing and issued a lengthy order finding that the Department made active efforts to provide consistent visitation, but the court did not mention or discuss the evidentiary standard (clear, cogent, and convincing) that applies to ICWA/WICWA dependencies.

M.R. moved for discretionary review in the Court of Appeals under RAP 2.3(b)(3), urging that the superior court erroneously failed to expressly apply the correct ICWA/WICWA standard. The Court of Appeals denied discretionary review.[2] The commissioner's ruling held that RAP 2.3(b)(3) applies only "to address a *procedural* irregularity, not a *substantive* irregularity." Comm'r's Ruling at 1. It further explained that M.R. sought review of a substantive irregularity, not a

---

[1] This court uses the phrase "Indian children" when referring to the statutory language that uses that language and otherwise uses the terms "Native" or "Native American." *In re Dependency of Z.J.G.*, 196 Wn.2d 152, 157 n.3, 471 P.3d 853 (2020).

[2] More specifically, a Court of Appeals commissioner issued a ruling denying review, M.R. filed a motion to modify the commissioner's ruling, and a panel of judges denied her motion.

procedural one, and that "RAP 2.3(b)(3), by its plain wording, does not permit discretionary review of substantive irregularities." *Id.* at 2.

We granted review to provide guidance as to the proper scope of RAP 2.3(b)(3) and 13.5(b)(3).

ANALYSIS

We interpret court rules using rules of statutory construction. *In re Dependency of N.G.*, 199 Wn.2d 588, 594, 510 P.3d 335 (2022). If a rule is plain on its face, we give effect to its plain meaning. *Id.* Under the plain meaning rule, we do not read the language of a contested rule in isolation but rather in context, considering related provisions, and in light of the statutory or rule-making scheme as a whole. *Id.*

Appellate courts accept discretionary review only in limited circumstances. RAP 2.3(b), 13.5(b). Of particular relevance here, to obtain discretionary review of an interlocutory order in the Court of Appeals, a party must show that the "superior court has so far departed from the accepted and usual course of judicial proceedings . . . as to call for review by the appellate court." RAP 2.3(b)(3). Similarly, to obtain discretionary review of an interlocutory order in this court, such as an order denying a motion for discretionary review, a party must show that the "Court of Appeals has so far departed from the accepted and usual course of judicial proceedings . . . as to call for the exercise of revisory jurisdiction by the Supreme Court." RAP 13.5(b)(3).

Neither RAP 2.3(b)(3) nor 13.5(b)(3) states that review is limited to only "procedural" irregularities. Neither rule distinguishes between "procedural" and "substantive" irregularities or even uses those terms. Rather, subsection (3) states that it applies when a court has departed from the accepted and usual course of

judicial "proceedings." As relevant here, a "proceeding" is the "regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." BLACK'S LAW DICTIONARY 1459 (12th ed. 2024). In contrast, a "procedure" is a "specific method or course of action" or the "judicial rule or manner for carrying on a civil lawsuit or criminal prosecution." *Id.* As these definitions make clear, a "proceeding" is not a "procedure." Accordingly, the text does not support the Court of Appeals's interpretation of RAP 2.3(b)(3).

Further, while the Court of Appeals pointed to a number of cases to support its interpretation, the courts in those cases did not interpret the language of RAP 2.3(b)(3) or directly discuss its meaning. Rather, the courts merely applied the rule to particular facts without analysis of this question. *See In re Marriage of Folise*, 113 Wn. App. 609, 613, 54 P.3d 222 (2002) (quoting RAP 2.3(b)(3) and concluding that discretionary review was appropriate where the superior court ignored unambiguous statutory language and related case law when granting relief to a nonparty with no standing to move for a protective order); *Young v. Key Pharms., Inc.*, 63 Wn. App. 427, 431-32, 434, 819 P.2d 814 (1991) (stating that the RAP 2.3(b)(3) criteria were met where the superior court erroneously excluded prior testimony of an unavailable witness under ER 804(b)(1)); *In re Marriage of Flannagan*, 42 Wn. App. 214, 216 n.2, 709 P.2d 1247 (1985) (citing RAP 2.3(b)(3) in a consolidated case without citing the language of the rule, while stating that it granted review in light of the consolidation and in light of the importance of the issue, which was whether the Uniform Services Former Spouses Protection Act may be applied retroactively); *State v. Jeter*, 19 Wn. App. 151, 152-53, 574 P.2d

1193 (1978) (quoting a commissioner's ruling indicating that the superior court apparently departed from the accepted and usual course of judicial proceedings by erroneously permitting the defendant to present irrelevant evidence in a "habitual criminal" proceeding); *Wahler v. Dep't of Soc. & Health Servs.*, 20 Wn. App. 571, 575-76, 582 P.2d 534 (1978) (concluding that the superior court substantially departed from the accepted and usual course of judicial proceedings by attempting to consider and determine the merits of a claim not properly before it). A review of these cases confirms what a former commissioner of this court has observed, that there is little guidance in the precedent to aid in interpreting RAP 2.3(b)(3). Geoffrey Crooks, *Discretionary Review of Trial Court Decisions Under the Washington Rules of Appellate Procedure*, 61 WASH. L. REV. 1541, 1547 (1986) (observing that few relevant cases exist, and those that do exist seldom contain much instructive discussion).

Still, the cases do not support a blanket rejection of discretionary review of matters involving alleged substantive, as opposed to procedural, error. Indeed, the Court of Appeals overlooked a recent case reviewed under RAP 2.3(b)(3) involving claims of substantive legal error. *In re Dependency of Baby Boy B.*, 27 Wn. App. 2d 825, 533 P.3d 1177 (2023), *rev'd*, 3 Wn.3d 569, 554 P.3d 1196 (2024). There, the superior court declined to order any further shelter care hearings in the case based on its interpretation of RCW 13.34.065(7)(a)(i), thus making a substantive decision about the meaning of the statute. Division One found that RAP 2.3(b)(3) was satisfied, granted review, and reviewed the meaning of the statute de novo. Although this court later reversed the Court of Appeals decision as to the meaning of the statute, we did not criticize its ruling as to RAP 2.3(b)(3).

To properly understand the scope of RAP 2.3(b)(3), it is helpful to consider its language alongside RAP 13.5(b)(3).[3] Each rule presumes the existence of an "accepted and usual course of judicial proceedings," and it requires a "depart[ure]" from that course that is "so far … as to call for" review or revision. Putting these concepts together, the rules begin with a presumption that courts in judicial proceedings follow a generally recognized and approved practice, and, to satisfy RAP 2.3(b)(3) or 13.5(b)(3), a party must show not simply that the lower court deviated from that practice, but that it did so to such a great extent that review or revision is necessary.

This reading strikes the proper balance. On the one hand, the rules are not easily satisfied, and a party must show the existence of a significant deviation, not merely a commonplace error. The guiding principle is that RAP 2.3(b) and its parallel RAP 13.5(b) set forth "'specific and stringent' criteria that reflect the appellate system's 'plain and intentional bias against interlocutory review.'" *N.G.*, 199 Wn.2d at 595 (quoting Crooks, *supra*, at 1545, 1547). On the other hand, the rules do not erect an insuperable bar to review. Rather, appellate courts appropriately intervene prior to a final decision when the situation is "significant enough to warrant interlocutory review." Crooks, *supra*, at 1548.

We apply the foregoing principles to the ruling denying review in this case in addressing whether this court's review is warranted. We first consider whether M.R. met her burden to show that the Court of Appeals departed from the usual and accepted course of judicial proceedings, meaning that it deviated from

---

[3] M.R. sought this court's review under both RAP 13.5(b)(1) and (3). Because we conclude that review is warranted under subsection (3), as will be discussed, we decline to address whether review is warranted under subsection (1).

the generally recognized and approved practice. As noted, the court refused to consider the merits of M.R.'s motion based on its erroneous reading of RAP 2.3(b)(3). The rule does not limit discretionary review to only procedural errors. As reflected in *Baby Boy B.*, RAP 2.3(b)(3) may allow interlocutory review to address alleged legal error, there, a substantive decision about the meaning of a statute. We thus conclude that the mother met her burden to show the existence of a "depart[ure]" within the meaning of RAP 13.5(b)(3).

We next consider whether M.R. met her burden to show that the departure is "so far" as to call for the exercise of this court's revisory jurisdiction, meaning that the Court of Appeals deviated to such a great extent that revision is necessary. In answering that question in the affirmative, we note that the Court of Appeals's erroneous interpretation precludes review of an entire category of "irregularities." And, this interpretation is likely to affect future cases in the absence of guidance from this court.[4] We thus conclude that M.R. has met her burden to show that the departure is significant enough to necessitate revision on discretionary review.

CONCLUSION

RAP 2.3(b)(3) applies to both procedural and substantive irregularities. The Court of Appeals erred in ruling otherwise. We therefore grant discretionary review, reverse, and remand.

---

[4] We do not suggest that these are the only factors that may be considered under RAP 2.3(b)(3) and RAP 13.5(b)(3). A departure may be "far" and thus significant for other reasons that will warrant discretionary review.